595 A.2d 52

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Doris EDWARDS a/k/a Doris Heimowitz, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 22, 1990.

Decided July 23, 1991.

John W. Packel Chief, Appeals Div., Helen A. Marino Asst. Defender, for appellant.

Gaele McLaughlin Barthold Deputy Dist. Atty., Ronald Eisenberg Chief, Appeals Div., Marilyn F. Murray, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, and CAPPY, JJ.

## OPINION

ZAPPALA, Justice.

This is an appeal from the memorandum opinion and per curiam order of the Superior Court vacating the order of the Court of Common Pleas of Philadelphia County denying appellee Commonwealth's motion to extend under Rule 1100(c) and granting appellant Doris Edwards' motion to dismiss.[1] Because the Superior Court exceeded its scope of review, we reverse.

The proper scope of review in determining the propriety of the trial court's ruling is limited to the evidence on the record of the Rule 1100 evidentiary hearing and findings of the lower court. *Commonwealth v. Fuchs*, 372 Pa.Super. 499, 539 A.2d 1307 (1988), *alloc. denied*, 521 Pa. 610, 557 A.2d 341 (1989) citing *Commonwealth v. Alston*, 286 Pa.Super. 290, 294, 428 A.2d 997, 999 (1981) citing *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976). In reviewing the determination of the hearing court, the Superior Court must view the facts in the light most favorable to the prevailing party. *Commonwealth v. Lopez*, 525 Pa. 185, 579 A.2d 854 (1990) citing *Commonwealth v. Robinson*, 518 Pa. 156, 541 A.2d 1387 (1988).

Viewing these facts in the light most favorable to Appellant as the prevailing party, the record reveals that on April 2, 1986 she was arrested and charged with arson, recklessly

---

1. Pa.R.Crim.P. 1100, as amended effective January 1, 1982, was applicable and provided in pertinent part the following:

**[Rule 1100. Prompt Trial]**

(a)(1) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed.

(2) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred (180) days from the date on which the complaint is filed.

endangering another person, and causing or risking a catastrophe in connection with a fire in her home that day. The Rule 1100 rundate was September 30, 1986. Notwithstanding this rundate, trial was scheduled five times before the case was dismissed on July 6, 1987, the four hundred and sixtieth day after her arrest.

A preliminary hearing was held on April 11, 1986. Two weeks later Appellant was arraigned on all charges. Simultaneously, the case was listed for trial on August 6, 1986, the earliest possible date consistent with the court calendar.

A discovery conference was held on May 29, 1986. At the conference, Appellant requested copies of the police investigation report, the statement she had given police and the fire marshall's report. The police investigation report was promptly provided to her. However, the Commonwealth was unable to produce the latter two documents. On July 25, 1986, Appellant made a second request for these documents.

At the first listed trial date on August 6, 1986, the following exchange took place in open court:

THE COURT CRIER: Number Four, your Honor.

MR. CARTER: The Commonwealth could have been ready today. I did speak to the Public Defender last night. She informs me that she would be requesting a continuance today.

MS. LANGEBACH: Judge, we have not received full discovery in this matter. There is an alleged statement by my client and a couple other items we have not received, and I need them.

THE COURT: You requested them?

MS. LANGEBACH: Yes, as late as last Friday.

THE COURT: Give it another date.

THE COURT CRIER: Twelve, three; Room 704.

MR. CARTER: I would ask the time be marked excludable.

THE COURT: I will defer any ruling; Counsel has requested discovery.

Continue.

N.T. 8/6/86

As the above transcript reveals, the next trial listing consistent with the court calendar was December 3, 1986. Although discovery was completed prior to that date, the Commonwealth requested a continuance because a subpoenaed police officer was unable to testify. The case was continued to March 12, 1987. On that date, Appellant requested a continuance for further preparation. The case was continued to June 17, 1987. A Commonwealth witness, Captain Schneiders of the Fire Marshall's Office, was unable to testify at trial on June 17th because he was on vacation. The case then was listed for trial on July 6, 1987.

The Commonwealth and Appellant were ready to proceed to trial on the latest scheduled trial date. Prior to trial, a Rule 1100 evidentiary hearing was held as to the Commonwealth's petition to extend and Appellant's motion to dismiss. It was established at this hearing that the Commonwealth failed to provide the requested discovery prior to the August 6, 1986 trial date. The trial court found, through the testimony of Detective Everett, that both Appellant's statement and the police incident report were sent to the District Attorney's Office on April 5, 1986 contemporaneously with his detective investigation report which was the only discovery document initially given Appellant. Detective Everett also testified that two weeks before the August listing the Commonwealth asked him to send the discovery documents a second time which he immediately did. The inevitable conclusion reached by the trial court was that the Commonwealth either intentionally or negligently failed to provide Appellant with the required discovery in its possession before the first trial listing.

As to the Fire Marshall's report, the trial court determined, through the testimony of Captain Schneiders, that this requested discovery document was not provided to Appellant before the August 6th trial date. It was found that the Fire Marshall's report was an essential document in Appellant's preparation for trial. Nevertheless, the trial

court ascertained from Captain Schneiders' testimony that no request for this report was ever made by the Commonwealth until November 28, 1986, over three months after the August 6th trial listing. Captain Schneiders testified that two days after he was advised of the need for his report it was mailed to the Commonwealth. The trial court concluded that the Commonwealth took no reasonable steps whatsoever to obtain the mandatory discovery material and transmit it to Appellant in sufficient time for the case to be tried on August 6, 1986. This continuance, according to the trial court, was the result of the Commonwealth's failure to bring the case to trial.

The case was continued to the earliest possible date, December 3, 1986. At this listing a police witness was ill resulting in the case being continued to March 12, 1987 at which time Appellant requested a continuance resulting in ninety-seven days of excludable time.

At the next scheduled trial date, June 17, 1987, the Commonwealth requested a continuance because Captain Schneiders was on vacation. Captain Schneiders testified at the evidentiary hearing that he was two hours away from the courthouse in Ocean City. The trial court found that he had been in court on March 12, 1987 when the June 17th date was given. Captain Schneiders' testimony also revealed that he was made aware of the new trial date when he was subpoenaed first by mail on March 16th and later by personal service. Finally, the trial court determined that although Captain Schneiders knew of his vacation well in advance of the June 17th trial date, the Commonwealth failed to present any evidence that it advised him of the necessity of his appearance or attempted to have the trial date administratively changed. The trial court concluded that the Commonwealth offered no explanation for this continuance.

Because the Commonwealth failed to demonstrate due diligence throughout the lengthy course of the five trial listings of this case, the trial court discharged Appellant and denied the Commonwealth's petition to extend pursuant

to Pa.R.Crim.P. 1100. As indicated, the Superior Court reversed on appeal.

The Superior Court predicated its analysis upon the following standards.

The burden of proving prosecutorial due diligence rests on the Commonwealth under the standard set out in *Commonwealth v. Ehredt*, 485 Pa. 191, 194, 194–96, 401 A.2d 358, 360–61 (1979):

> The Commonwealth has the burden, by a preponderance of the evidence, of showing it has met the requirements of Rule 1100(c). Cf. *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977). *Furthermore, in reviewing a hearing court's ruling ... we consider only the evidence presented by the Commonwealth and so much evidence, as fairly read in the context of the record as a whole, remains uncontradicted.* See *Commonwealth v. Mitchell*, supra.

Superior Court Memorandum Opinion pp. 3–4 (emphasis added).

In *Commonwealth v. Ehredt*, supra, the standard we applied to review a hearing court's ruling was based on the Commonwealth prevailing on its petition to extend.[2] Because the petition was denied, the Superior Court erred in applying our *Ehredt* standard to the hearing court's ruling so as to view the evidence in the light most favorable to the Commonwealth and find due diligence to have been demonstrated.

2. The complete *Ehredt* standard is as follows:
   The Commonwealth has the burden, by a preponderance of the evidence, of showing it has met the requirements of Rule 1100(c). Cf. *Commonwealth v. Wade*, 475 Pa. 399, 380 A.2d 782 (1977); *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977). Furthermore, in *reviewing a hearing court's ruling that the Commonwealth has met its burden,* we consider only the evidence presented by the Commonwealth and so much evidence, as fairly read in the context of the record as a whole, remains uncontradicted. See *Commonwealth v. Mitchell*, supra.
   *Commonwealth v. Ehredt*, 485 Pa. 191, 194, 401 A.2d 358, 360 (emphasis added).

■ Reviewing the record of the Rule 1100 evidentiary hearing and findings of the lower court in the light most favorable to Appellant as the prevailing party, we cannot agree with the Superior Court. It is undisputed that the Commonwealth failed to provide the requested discovery prior to the August 6, 1986 trial date despite two requests by Appellant. Production of the discovery documents was not delayed because the Commonwealth was contesting the request. Instead the trial court reasoned that discovery was inhibited due to either intentional/negligent acts or through inaction on the part of the Commonwealth.

The Superior Court addressed the matter of the Commonwealth's failure to provide discovery by merely attributing the delay to Appellant and therefore excludable. Citing *Commonwealth v. Montevecchio*, 367 Pa.Super. 435, 533 A.2d 96 (1987), the Superior Court attempted to buttress its conclusion by emphasizing that the Commonwealth could not be charged with creating a delay when Appellant failed to avail herself of the sanctions against the Commonwealth for failure to provide discovery pursuant to Pa.R.Crim.P. 305 E.

The Superior Court's reliance on *Montevecchio* is misplaced because discovery in that case was contested. The *Montevecchio* court held that when the defendant procures extensions or continuations of trial for the purpose of trial strategy, defense counsel cannot complain of lack of due diligence by the Commonwealth in alleging violation of a right to speedy trial.

In the case *sub judice*, Appellant's discovery request was not contested. Furthermore, it was not shown that the purpose of her request on August 6th had anything to do with trial strategy. Within this context, a request for discovery does not toll the allotted time period under Rule 1100. See *Commonwealth v. Millhouse*, 239 Pa.Super. 445, 362 A.2d 398 (1976), reversed on other grounds, 470 Pa. 512, 368 A.2d 1273 (1977), appeal after remand, 255 Pa.Super. 206, 386 A.2d 581 (1978).

The record reveals that had the Commonwealth provided the discovery materials by the August 6th trial date, the case would have been tried within one hundred and twenty-six days after Appellant's arrest. It is significant to note that all extendable and excludable time arose after the expiration of the original one hundred and eighty days.

The next two listings on December 3, 1986 and March 12, 1987 which resulted in continuances were attributable to the Commonwealth and Appellants requests respectively.

As to the vacation of Captain Schneiders at the time of the June 17, 1987 trial date, the record reveals that he had been in court on March 12th when the new listing date was given. Captain Schneiders was also made aware of the June 17th trial date when he was subpoenaed first by mail on March 16th and later by personal service. Furthermore, Captain Schneiders knew of his vacation well in advance of the June 17th listing date. The trial court concluded that the Commonwealth offered no explanation of this continuance.

As occurred with the discovery request issue, the Superior Court arrived at a contrary conclusion on the basis of its own assumptions. Specifically, the Superior Court refers to the testimony of Captain Schneiders who claims not to recall receiving the March 16, 1987 subpoena. He also testified that the first time he became aware of the June 17th trial date was a week or two before that date. The trial court discounted this portion of Captain Schneiders' testimony. Furthermore, Captain Schneiders' testimony only serves to underscore the trial court's finding that the Commonwealth failed to present any evidence that it advised him of the necessity of his appearance or attempted to have the trial date administratively changed.

Weighing these matters under the record and the trial court's findings, there is no basis for concluding that the trial court abused its discretion in dismissing the charges against Appellant and denying the Commonwealth's petition to extend. The Commonwealth's failure to show due diligence in bringing this case to trial is amply demonstrated

in the record and the findings of the Rule 1100 hearing court. As such, the Superior Court clearly erred in substituting its own judgment for that of the Rule 1100 evidentiary hearing court.

The Order of the Superior Court is reversed. The order of the Court of Common Pleas of Philadelphia County granting Appellant's motion to dismiss and denying the Commonwealth's petition for extension is reinstated.

Jurisdiction relinquished.

McDERMOTT, J., did not participate in the consideration or decision of this matter.

PAPADAKOS, J., joins in the majority opinion and also files a concurring opinion.

PAPADAKOS, Justice, concurring.

I join with the majority but write separately to express my deep concern with the laxity in which the Office of the District Attorney of Philadelphia County apparently treated the progress of this case through the court system. Through its intentional misconduct or its unexplained negligence, a criminal complaint charging a most serious crime of arson must be dismissed and a possible miscreant go unpunished. I sincerely hope that the person or persons in the District Attorney's Office responsible for this result do not go unpunished.