J-A14011-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT ALLEN GOOSBY | : | |
| | : | |
| Appellant | : | No. 808 WDA 2020 |

Appeal from the Judgment of Sentence Entered November 26, 2019
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0001992-2017

BEFORE: MURRAY, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: JULY 27, 2021**

Robert Allen Goosby (Appellant) appeals from the judgment of sentence imposed after a jury found him guilty of one count of drug delivery resulting in death, as well as several counts of delivery of a controlled substance and possession with intent to deliver a controlled substance. ***See*** 18 Pa.C.S.A. § 2506(a); 35 P.S. § 780-113(a)(30). We affirm.

On August 29, 2017, the Pennsylvania Office of the Attorney General (OAG) filed a criminal complaint charging Appellant with, *inter alia*, the above-mentioned crimes. The charges arose from the fentanyl overdose death of Jonathan Levitt (Levitt).

Police arrested Appellant on August 30, 2017, after working with confidential informants to conduct several controlled buys from Appellant.

One of the informants, Joshua Heck (Mr. Heck), was a key Commonwealth witness against Appellant.

Following a preliminary hearing on October 19, 2018, the charges against Appellant were bound over for court. In the following months, the OAG requested and obtained several postponements of the scheduled trial in this matter. Appellant likewise obtained several continuances.

Eventually, jury selection was scheduled to begin July 8, 2019. On that day, however, the OAG filed a motion for continuance of trial and extension of time (motion to continue) required by Pennsylvania's "speedy trial" rule, Pa.R.Crim.P. 600. The OAG asserted the unavailability of Mr. Heck:

> [The OAG] learned on July 3, 2019 that [Mr.] Heck, a necessary witness, was ill and admitted to UPMC Passavant Hospital [(Passavant)]. In speaking with his treating physician, it was determined that [Mr. Heck] would not be released from the hospital until the week of July 8, 2019, and once released[, Mr. Heck] would be too ill to testify. Prior to July 3, 2019, the Commonwealth had been in contact with Mr. Heck and was prepared to proceed with trial on July 8, 2019[.]

Motion to Continue, 7/8/19, at ¶¶ 2-3. Counsel for OAG explained that on the morning of July 8, 2019, she went to Passavant to obtain an additional written statement from Mr. Heck's physician, Eileen Boyle, M.D. (Dr. Boyle); however, counsel learned later that same day that Mr. Heck had checked himself out of Passavant against medical advice. *See* N.T., 7/8/19 (Rule 600 hearing), at 6.

Criminal Rule 600 states the following, in pertinent part:

**(A)** Commencement of Trial; Time for Trial

**(1)** For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.

**(2)** Trial shall commence within the following time periods.

**(a)** Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

* * *

**(C)** Computation of Time

**(1)** For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has **failed to exercise due diligence** shall be included in the computation of the time within which trial must commence. **Any other periods of delay shall be excluded from the computation**.

Pa.R.Crim.P. 600(A)(1), (2)(a), (C)(1) (emphasis added); *see also*

***Commonwealth v. Wiggins***, 248 A.3d 1285, 1288-89 (Pa. Super. 2021)

(explaining Rule 600 and its previous iteration).

The trial court held a hearing on the motion to continue on July 8, 2019

(Rule 600 hearing).[1]  The OAG initially noted that, after taking into account

the parties' respective trial date postponements, the "adjusted" Rule 600 one-

year period would expire on July 30, 2019.  N.T., 7/8/19, at 8.  The OAG

---

[1] The Rule 600 hearing transcript was not in the original record certified to this Court and was not transcribed, despite Appellant's counsel having moved for transcription on April 29, 2020.  We therefore requested the trial court remedy this breakdown in the process of the court by issuing the transcript in a supplemental certified record, pursuant to Pa.R.A.P. 1926(b)(1) (correction of record in the event of breakdown in the processes of the court).

emphasized the hospitalization of Mr. Heck and the fact that he had checked himself out of Passavant and could not be located. ***See id.*** at 5-7. Appellant's counsel objected to the OAG's continuance request, arguing:

> [Mr. Heck] is no longer communicating with the Commonwealth and available to the Commonwealth, . . . [and] he has discharged himself without the consent and approval of his treating physicians. I would suggest that that while [*sic*] not a direct act of the Commonwealth, is nevertheless not sufficient grounds to grant an extension beyond the Rule 600 [period].

***Id.*** at 9-10.

At the close of the Rule 600 hearing, the trial court granted the motion to continue and scheduled a new trial date for September 3, 2019. ***See id.*** at 14 ("[T]he Court being advised that Mr. Heck is no longer in the hospital subject to an illness, [and that he] in effect is on the run at this point in time, I am willing to grant the motion to continue [for] an extension of Rule 600").

Appellant filed a motion for reconsideration on July 31, 2019 seeking dismissal of all charges pursuant to Rule 600, arguing:

> At the [Rule 600] hearing, the OAG verbally represented that its basis for trial continuance was no longer Mr. Heck's hospitalization, but rather that . . . Mr. Heck[] had discharged himself over the weekend from the hospital and his whereabouts were unknown. Additionally, the OAG represented that it had failed to subpoena Mr. Heck for trial.

Motion for Reconsideration, 7/31/19, at ¶ 16.

The OAG filed a response to the motion for reconsideration on August 8, 2019. The OAG stated: "By July 10, 2019, the Commonwealth had located Mr. Heck and on July 11, 2019, his bond was modified to include a GPS

electronic monitor and drug testing. With his location now known, the Commonwealth is ready to proceed to trial[.]" Response, 8/8/19, at ¶ 7 (citation omitted). Further, regarding the matter of a subpoena for Mr. Heck, counsel for OAG explained at the Rule 600 hearing:

> I had a subpoena signed for [Mr. Heck]. I did not actually give that to him[, *i.e.*, when counsel for OAG went to Passavant in July 2019,] because the doctor told me [that Mr. Heck] was not going to be discharged prior to that. We had a subpoena from the Clerk of Courts.

N.T., 7/8/19, at 15.

The trial court denied Appellant's motion for reconsideration, without a hearing, on August 9, 2019.

The matter proceeded to trial on September 5, 2019. On September 10, 2019, a jury convicted Appellant of one count of drug delivery resulting in death and several violations of 35 P.S. § 780-113(a)(30). On November 26, 2019, the court sentenced Appellant to an aggregate 15 to 30 years' incarceration and ordered him to pay restitution of approximately $1,600.

Appellant filed a counseled post-sentence motion on December 6, 2019, challenging the trial court's rejection of his Rule 600 claim. Appellant further moved for judgment of acquittal/arrest of judgment, arguing: (a) "the evidence was insufficient to support a guilty verdict as to each of the charges"; (b) "the verdict was contrary to the weight of the evidence presented at trial"; and (c) "the evidence at trial was insufficient as a matter of law for the jury

to have found [Appellant] guilty beyond a reasonable doubt." Motion for Post-Sentence Relief, 12/6/19, at ¶¶ 3, 4, 7.

On April 29, 2020, Appellant, through newly-appointed counsel, filed a supplemental post-sentence motion challenging the denial of Appellant's Rule 600 claim; counsel did not raise any other claims. By order entered June 29, 2020, the trial court denied Appellant's post-sentence motions. Appellant timely filed a notice of appeal. The trial court filed an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).[2]

Appellant now raises three issues for our review:

1. Whether the Trial Court erred in granting the Commonwealth's Motion for Continuance and Extension of Rule 600[?] The Commonwealth failed to bring the Appellant to trial within the time required by Pa.R.Crim.P. 600. The Trial Court further erred by denying the Appellant's Motion for Reconsideration and Dismissal Pursuant to Rule 600 without an evidentiary hearing, as the Appellant was precluded from arguing that his Rule 600 rights were violated before the time had tolled.

2. Whether the Commonwealth presented sufficient evidence to prove the elements of Drug Delivery Resulting in Death, Delivery of a Controlled Substance and Possession with Intent to Deliver a Controlled Substance[?]

3. Whether the jury's verdict was against the weight of the evidence presented by the Commonwealth at trial[?]

Appellant's Brief at 3.

_____

[2] The court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Initially, the trial court ruled Appellant waived his challenges to weight and sufficiency of the evidence (**see** issues # 2 & 3, **supra**) for failure to meaningfully develop these claims in his post-sentence motions. **See** Trial Court Opinion, 9/18/20, at 5 (citing **Commonwealth v. Steele**, 961 A.2d 786, 798 n.12 (Pa. 2008) (deeming inadequate appellant's single-sentence claim of error and finding waiver)).

We agree Appellant waived his weight and sufficiency claims for failure to adequately develop them before the trial court. Indeed, Appellant baldly advanced single-sentence, boilerplate claims in his original post-sentence motion, and he did not develop these claims elsewhere. **See**, **e.g.**, **Commonwealth v. Rivera**, 238 A.3d 482, 495 (Pa. Super. 2020) (trial court properly found weight and sufficiency claims waived where appellant "raised them in boilerplate fashion in his post-sentence motion, and failed to state, with regard to his sufficiency of the evidence claim, which element or elements the Commonwealth failed to prove beyond a reasonable doubt."); **see also Trigg v. Children's Hosp. of Pittsburgh**, 229 A.3d 260, 269 (Pa. 2020) ("Requiring issues to be properly raised first in the trial court ensures that trial judges have the opportunity to consider a potential appellate issue and correct any error at the first available opportunity. It also promotes the orderly and efficient use of judicial resources[.]" (internal citation omitted)); Pa.R.A.P. 302(a) (claims may not be raised for the first time on appeal).

We thus proceed to address Appellant's final issue asserting a Rule 600 violation and trial court error in granting the OAG's motion to continue due to Mr. Heck's unavailability. *See* Appellant's Brief at 10-14.

We have explained our standard and scope of review:

> Our standard of review of a Rule 600 determination is whether the trial court abused its discretion. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will [] discretion is abused. Our scope of review is limited to the record evidence from the speedy trial hearing and the findings of the lower court, **reviewed in the light most favorable to the prevailing party**.

> Overall, Rule 600 protects a defendant's speedy trial rights, as well as society's right to effective prosecution of criminal cases. To balance these rights, **Rule 600 requires the court to consider whether the Commonwealth exercised due diligence, and whether the circumstances occasioning the delay of trial were beyond the Commonwealth's control**.

*Commonwealth v. Morgan*, 239 A.3d 1132, 1137 (Pa. Super. 2020) (emphasis added; citations, quotations and brackets omitted); *see also Commonwealth v. Snyder*, 2021 PA Super 76, at *7 (Pa. Super. 2021).

Appellant claims the OAG failed to act with due diligence with respect to the hospitalization of Mr. Heck in June 2019 because the OAG never served Mr. Heck with a subpoena. Appellant's Brief at 13. Appellant further argues the trial court erred in declining to hold a hearing on Appellant's motion for reconsideration, which "prejudiced [] Appellant in that he was unable to supplement his position beyond the existing filings." *Id.* at 14 (some capitalization omitted) (citing Pa.R.Crim.P. 600(D)(1) (providing: "When a

- 8 -

defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney . . . may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated. . . . The judge **shall conduct a hearing** on the motion.") (emphasis added)).

The OAG counters:

> [I]n light of the rather unique facts and circumstances of this case, it cannot be said that the lower court abused its discretion in finding that the unexpected disappearance of a witness that the Commonwealth had not subpoenaed because it had been credibly told by [Mr. Heck's] treating physician[, Dr. Boyle, that Mr. Heck] would be too ill to testify as scheduled constituted an abuse of discretion sufficient to outweigh society's interest in the prosecution of an individual who distributed deadly narcotics in the community.

OAG Brief at 18.

The trial court explained its finding of the OAG's due diligence under Rule 600 as follows:

> [A]ccording to [Dr. Boyle] Mr. Heck was seriously ill and would likely be unavailable for trial. This being the original motivation for the Commonwealth's motion for an extension of time, it appears that such a motion should have been granted on those facts.[FN] However, more transpired than merely an illness.
>
> > [FN] While [Appellant] claims that the Commonwealth failed to confirm or investigate Mr. Heck's condition, the OAG did, in fact, investigate his condition, even travelling to the hospital to discuss the matter with Mr. Heck and [Dr. Boyle] on July 3, 2019. Moreover, the OAG, in its response to [Appellant's motion for reconsideration], attached as Exhibit B a letter from [Dr. Boyle] re: "Verification of Hospital Status and Availability to Appear in Court," wherein . . . Dr. [Boyle] verified Mr. Heck's

- 9 -

status and opined that he would not be able to appear during the July 2019 trial term.

Counsel for the Commonwealth admits that while she had obtained a subpoena, she never served it on Mr. Heck. While such service could have been easily made upon Mr. Heck, **under the totality of the circumstances, the failure to serve the subpoena was reasonable and is of little import**.

Considering the circumstances Mr. Heck and the Commonwealth found themselves in, **serving the subpoena would not have expedited the trial supposing Mr. Heck still would have left the hospital against medical advice and absconded**.

The subpoena is a deterrent, or a disincentive, to not appearing. It cannot physically prevent someone from failing to appear, but can punish them for doing so. But, **Mr. Heck already had a good incentive to appear: Mr. Heck had a deal with the Commonwealth to testify against** [**Appellant**] **in exchange for favorable treatment**. Therefore, it was **reasonable under the circumstances** for the Commonwealth to presume that [Dr. Boyle] was correct in her prognosis and Mr. Heck's likely inability to be able to testify by the time of trial so as not to serve the subpoena upon him.

Trial Court Opinion, 9/18/20, at 11-13 (footnote in original; emphasis added; some capitalization and citation to record omitted).

Our review confirms that there was no Rule 600 violation in this case as the OAG acted with due diligence under the circumstances.

This Court has explained that the "Commonwealth cannot be held to be acting without due diligence when a witness becomes unavailable due to circumstances beyond its control." *Commonwealth v. Hyland*, 875 A.2d 1175, 1191 (Pa. Super. 2005). Rather,

the Commonwealth, in order to obtain an extension of time pursuant to Rule [600], need only prove that reasonable efforts

- 10 -

were made to secure a witness' attendance. While the Commonwealth must demonstrate that it employed reasonable means to insure the appearance of the witness, it is not necessary that **all** methods be exhausted in order to establish due diligence. Simply, the "due diligence" required of the Commonwealth does not demand perfect vigilance and punctilious care, but rather a reasonable effort.

***Commonwealth v. Tyler***, 555 A.2d 232, 234 (Pa. Super. 1989) (emphasis

in original; internal citations, brackets and quotations omitted).

This Court has further stated:

It is well settled that **the illness of a Commonwealth witness may be a proper basis upon which to grant a Rule** [**600**] **extension** as the Commonwealth should not be penalized for events and circumstances which are wholly beyond its control. So long as the witness' unavailability is through no fault of the Commonwealth, a finding of due diligence is warranted and an extension is proper.

***Commonwealth v. Kostra***, 502 A.2d 1287, 1291 (Pa. Super. 1985)

(emphasis added; citations omitted).

Finally, we have explained:

**In the absence of actual misconduct** on the part of the Commonwealth specifically calculated to evade the fundamental speedy trial rights of an accused, the applicable **speedy trial rule must be construed in a manner consistent with society's right to punish and deter crime**.

Dismissing criminal charges punishes the prosecutor. It also punishes the public at large as the public has a reasonable expectation that those who have been charged with crimes will be fairly prosecuted to the full extent of the law. In weighing these matters, courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused of committing a crime, but also must consider the collective right of the community to vigorous enforcement of the law.

***Commonwealth v. Preston***, 904 A.2d 1, 10 (Pa. Super. 2006) (*en banc*) (emphasis added; internal citations and quotations omitted).

Here, Mr. Heck's illness and unexpected departure from Passavant was beyond the OAG's control. ***See Hyland***, ***supra*** ("Commonwealth cannot be held to be acting without due diligence when a witness becomes unavailable due to circumstances beyond its control."). Accordingly, the trial court did not abuse its discretion in granting the OAG's motion to continue and no Rule 600 violation occurred.

Finally, we are unpersuaded by Appellant's claim of trial court error for failure to hold an evidentiary hearing in response to Appellant's motion for reconsideration. Our review discloses no statutory or common law support for any claim that a trial court is required to conduct a hearing on such a motion. Further, the court held a Rule 600 hearing on July 8, 2019, in compliance with Pa.R.Crim.P. 600(D), ***supra***.

For the above reasons, we discern no error by the trial court and therefore we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judge Musmanno joins the memorandum.

Judge King concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/27/2021