J-S27007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LIONELL R. RAVENELL | : | |
| | : | |
| Appellant | : | No. 1600 EDA 2023 |

Appeal from the Judgment of Sentence Entered May 16, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000563-2022

BEFORE: LAZARUS, P.J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, P.J.:          **FILED NOVEMBER 19, 2024**

Lionell R. Ravenell appeals from the judgment of sentence, imposed in the Court of Common Pleas of Philadelphia County, after the trial court, sitting in a nonjury trial, convicted him of one count of possession of firearm prohibited.[1]  On appeal, Ravenell challenges the trial court's denial of his motion to dismiss under Pa.R.Crim.P. 600.  Upon review, we vacate the judgment of sentence and discharge Ravenell.

Ravenell was charged with possession of firearm prohibited after federal agents entered his home to execute an arrest and search warrant and found a loaded handgun.  Ravenell was ineligible to possess a firearm due to a prior disqualifying conviction.  On February 20, 2023, Ravenell filed a Rule 600

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6105(a)(1).

motion to dismiss. Following a hearing on February 24, 2023, the trial court denied Ravenell's motion. On February 27, 2023, Ravenell proceeded to a nonjury trial, after which the court found him guilty of the above offense. On May 16, 2023, the court sentenced Ravenell to 2½ to 5 years' incarceration, followed by 5 years' probation. Ravenell did not file post-sentence motions. On June 8, 2023, he filed a timely notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Ravenell raises the following claim for our review:

> Did the [trial] court err and abuse its discretion when it denied [] Ravenell's motion to dismiss pursuant to [Rule 600] where the trial did not begin until long after the adjusted run date and the Commonwealth failed to exercise due diligence in bringing the case to trial?

Brief of Appellant, at 3.

Our standard of review of a Rule 600 determination is whether the trial court abused its discretion. *Commonwealth v. Solano*, 906 A.2d 1180, 1186 (Pa. 2006). "An abuse of discretion is not merely an error of judgment, but[,] if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias[,] or ill-will . . . discretion is abused." *Commonwealth v. Wright*, 961 A.2d 119, 142 (Pa. 2008) (citations omitted). Our scope of review is "limited to the trial court's findings and the evidence on the record[.]" *Commonwealth v. Womack*, 315 A.3d 1229, 1237 (Pa. 2024).

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule [600]. Rule [600] serves

- 2 -

two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth. ***Commonwealth v. Bethea***, 185 A.3d 364, 370 (Pa. Super. 2018).

Rule 600 provides, in relevant part, as follows:

(A) Commencement of Trial; Time for Trial

(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

* * *

(C) Computation of Time

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600.

To establish whether there has been a Rule 600 violation under paragraph (A), a court must determine whether the delay is caused solely by the Commonwealth when the Commonwealth has failed to exercise due diligence. *Id.*, Cmt. (citations omitted). "If the delay occurred as the result of circumstances beyond the Commonwealth's control and despite its due diligence, the time is excluded." *Id.* (citations omitted). "[D]ue diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." ***Commonwealth v. Bradford***, 46 A.3d 693, 701–02 (Pa. 2012).

"When the defendant or the defense has been instrumental in causing the delay, the period of delay will be excluded from [the] computation of time." Pa.R.Crim.P. 600, Cmt. (citations omitted). Such excludable time may include: "such period of delay at any stage of the proceedings as results from either the unavailability of the defendant or the defendant's attorney or any continuance granted at the request of the defendant or the defendant's attorney." *Id.*

"Delay in the time for trial that is attributable to the judiciary may be excluded from the computation of time." *Id.* (citation omitted). However, "a trial court may invoke 'judicial delay' in order to deny a defendant's Rule 600 motion to dismiss only after the Commonwealth has demonstrated that it complied with the due diligence requirements of Rule 600 at all relevant periods throughout the life of the case." ***Commonwealth v. Harth***, 252 A.3d

- 4 -

600, 603 (Pa. 2021). The failure of the Commonwealth to fulfill its discovery obligations constitutes a lack of due diligence. *Id.* at 621-22, citing *Commonwealth v. Edwards*, 595 A.2d 52 (Pa. 1991).

Here, charges were filed against Ravenell on September 23, 2021. Thus, the Commonwealth was required to bring him to trial on or before September 23, 2022. *See* Pa.R.Crim.P. 600(A)(2)(a). Ravenell was brought to trial on February 27, 2023, 522 days after the filing of the complaint. Accordingly, the Commonwealth was required to demonstrate that it exercised due diligence in bringing Ravenell to trial. The Commonwealth argues that only 72 of those 522 days are "potentially includable." Brief of Commonwealth, at 11. Specifically, the Commonwealth delineates the periods of delay as follows:

| Date | Continued until: | Event: | Delay: | Excludable: |
|------|------------------|--------|--------|-------------|
| 9/23/21 | 10/1/21 | Rule 600 suspended | 8 days | Yes |
| 10/1/21 | 10/8/21 | Preliminary hearing | 7 days | No, normal progression |
| 10/8/21 | 12/27/21 | Preliminary hearing | 80 days | Yes, defendant not brought down |
| 12/27/21 | 1/28/22 | Preliminary hearing | 32 days | No, Commonwealth continuance |
| 1/28/22 | 3/2/22 | Trial scheduling conference | 33 days | No, normal progression |

| 3/2/22 | 2/27/23 | Trial | 362 days | Yes, judicial delay |
|---|---|---|---|---|

Ravenell's dispute on appeal primarily focuses on the period of time between the pretrial scheduling conference on March 2, 2022 and the date of trial, February 27, 2023. The Commonwealth asserts that the entire period is excludable as judicial delay, as the trial court "scheduled trial for the earliest possible date consistent with its congested calendar" and the Commonwealth was otherwise prepared for trial. Brief of Appellee, at 10. Ravenell, on the other hand, argues that the Commonwealth "failed to provide full and complete discovery until a week before the scheduled trial" and, therefore, it cannot establish that it exercised due diligence throughout the life of the case. Brief of Appellant, at 12. Ravenell cites the following key dates in support of his argument:

- February 9, 2022—docket marked "NO Discovery," *see* Docket Entry 39, 2/9/22;

- February 11, 2022—case scheduled for formal arraignment; however, docket contains no entry for that date. Commonwealth claims file notation indicates discovery passed at formal arraignment, *see* N.T. Rule 600 Hearing, 2/24/23, at 10, but no evidence presented to prove discovery actually provided;

- February 15, 2022—defense files omnibus pretrial motion seeking full discovery;

- March 2, 2022—pretrial conference; docket notation indicating "Any outstanding discovery is ordered to be passed by 12/27/2022," *see* Docket Entry 42, 3/2/22. No indication that discovery was complete or had been passed;

- November 7, 2022—defense counsel emails Commonwealth requesting full discovery; follow-up emails sent 2/2/23 and 2/8/23;[2]

- February 21, 2023—discovery turned over to defense the day after Rule 600 motion filed.

*See* Brief of Appellant, at 12-13.

Ravenell argues that,

in support of its assertion that discovery was passed, the Commonwealth presented no competent, sworn evidence, only referencing a misplaced [February 28, 2022] email from defense counsel[3] requesting the case to be spun for trial at the March 2[], 2022 [conference] that still has not been filed with the court, and its file marking [indicating discovery had been passed].

*Id.* at 14.

In denying Ravenell's Rule 600 motion, the trial court concluded that the Commonwealth acted with due diligence from the date of Ravenell's formal arraignment on February 11, 2022, through November 7, 2022, when ADA Kean failed to read defense counsel's email requesting discovery.[4] The court addressed the "misplaced [February 28, 2022] email" as follows:

_____

[2] At the Rule 600 hearing, ADA Brian Kean conceded that he had "missed" defense counsel's November 7, 2022 email requesting discovery.

[3] The public defender who sent the misplaced email upon which the Commonwealth relies, Ken Edelin, Esquire, was replaced by Lincoln Mitchell, Esquire, who subsequently filed and litigated the Rule 600 motion.

[4] The court set forth its time calculation that 378 of 522 days were excludable as follows:

*(Footnote Continued Next Page)*

- 7 -

[Following the December 27, 2021 Commonwealth continuance,] everything moved forward in the regular course of business. It was held for court on 1/28. Formal arraignment was on 2/11. The first date was in front of me on 3/2 in [Room] 905[,] where it was scheduled for a jury.

Earlier than that, Mr. Edelin, who was originally assigned to this[,] had emailed me for this matter and multiple others. There was nothing to indicate that discovery was missing. He said discovery will be addressed at a later date. It seems like discovery started to get addressed in November when it was re-assigned to someone that was much more diligent.

| Date: | Continued until: | Event: | Delay: | Excludable: |
|---|---|---|---|---|
| 9/23/21 | 10/8/21 | Preliminary hearing | 15 days | Yes, normal progression |
| 10/8/21 | 12/27/21 | Preliminary hearing | 80 | Yes, defendant not brought down |
| 12/27/21 | 1/28/22 | Preliminary hearing | 32 | No, Commonwealth continuance |
| 1/28/22 | 2/11/22 | Arraignment | 14 days | Yes, normal progression |
| 2/11/22 | 3/2/22 | Scheduling conference | 19 days | Yes, normal progression |
| 3/2/22 | 11/7/22 | Awaiting trial | 250 days | Yes, Commonwealth acted with due diligence |
| 11/7/22 | 2/27/23 | Trial | 112 | No, Commonwealth failed to act with due diligence |

We note that the trial court erred by deeming excludable 48 days that were attributable to the normal progression of the case. *See Commonwealth v. Mills*, 162 A.3d 323, 325 (Pa. 2017) (time attributable to normal progression of case, where no party is prepared for trial, not delay for Rule 600 purposes). However, the court's error does not impact our disposition.

N.T. Rule 600 Hearing, 2/24/23, at 12. The court concluded that, "[i]n light of the Commonwealth's file notation and the defense's representation [in the February 28, 2022 email] that it was ready and would contact the Commonwealth to resolve any outstanding discovery issues," the Commonwealth proved by a preponderance of the evidence that it exercised due diligence between formal arraignment and November 7, 2022. Trial Court Opinion, 8/14/23, at 4. We disagree.

Here, the Commonwealth presented no competent evidence to establish that it passed discovery to the defense prior to February 21, 2023, six days before the scheduled trial and one day after Ravenell filed his Rule 600 motion. The trial court relied solely upon the representations of ADA Kean at the Rule 600 hearing that discovery had been passed at arraignment and that then-defense counsel would contact the Commonwealth to resolve any outstanding issues. However, "unsworn representations of counsel are not evidence." **Commonwealth v. Johnson**, 852 A.2d 315, 317 (Pa. Super. 2004). Moreover, the trial court's reliance on the misplaced February 28, 2022 email from prior counsel was improper. That email is not contained in the certified record, despite the court granting ADA Kean leave to file "an electronic copy" of the email following the Rule 600 hearing. **See** N.T. Rule 600 Hearing, 2/24/23, at 10-11 (ADA Kean: "I seem to have misplaced the paper copy of it. But I have a copy of an email provided by Your Honor from Public Defender Ken Edelin statusing his matter before you for that 3/2 date. I[] would like to admit [it] as Commonwealth's Exhibit C-1. I will pass an electronic copy if it's

alright with Your Honor." The Court: "You can file an electronic copy.") The Commonwealth failed to file the email of record and its mere representation as to the contents of the email are insufficient. **See Johnson**, **supra**. **See also Commonwealth v. Preston**, 904 A.2d 1, 6-7 (Pa. Super. 2006) (matters not of record may not be considered on appeal, and this Court may not consider documents which are not included in certified record).

Moreover, although the Commonwealth argues that trial was scheduled for "the earliest possible date [] consistent with the court's congested calendar," Brief of Appellee, at 12, the Commonwealth presented no evidence to demonstrate that the delay could not have been avoided. At the time trial was scheduled, the trial date of February 27, 2023, was clearly well beyond the mechanical run date of September 23, 2022. Despite this fact, the record discloses no effort by the Commonwealth to inform either the trial court or Ravenell of the Rule 600 issues. Furthermore, the docket contains no notation that the date set for trial was the earliest possible date. **See Johnson**, 852 A.2d at 317-18 (Commonwealth failed to exercise due diligence to bring defendant's trial within Rule 600 limits where trial was scheduled to begin after expiration of Rule 600 deadline, there was no competent evidence of record to show that Commonwealth had informed scheduling judge of Rule 600 issue when setting trial date, and no evidence trial was scheduled for earliest possible date). **See also** Docket Entry 42, 3/2/22 (setting trial date of 2/27/23).

Because the Commonwealth failed to prove either that it passed discovery to the defense prior to February 21, 2023, or that trial was scheduled for the earliest possible date, it is unable to establish its due diligence throughout the life of Ravenell's case. Thus, we conclude that the trial court erred in excluding the time between the March 2, 2022 pretrial conference and November 7, 2022. **Harth**, **supra** (judicial delay may be invoked to deny Rule 600 motion only after Commonwealth has demonstrated it acted with due diligence at all relevant periods throughout life of case). We therefore find that a total of 434 non-excludable days elapsed between the filing of the complaint and the date Ravenell was brought to trial.[5] As such,

_____

[5] Our calculation of time is as follows:

| Date | Continued until: | Event: | Delay: | Excludable: |
|------|------------------|--------|--------|-------------|
| 9/23/21 | 10/1/21 | Rule 600 suspended | 8 days | Yes |
| 10/1/21 | 10/8/21 | Preliminary hearing | 7 days | No, normal progression |
| 10/8/21 | 12/27/21 | Preliminary hearing | 80 days | Yes, defendant not brought down |
| 12/27/21 | 1/28/22 | Preliminary hearing | 32 days | No, Commonwealth continuance |
| 1/28/22 | 3/2/22 | Trial scheduling conference | 33 days | No, normal progression |

*(Footnote Continued Next Page)*

we are constrained to vacate Ravenell's judgment of sentence and discharge him.

Judgment of sentence vacated.  Appellant discharged.

Nichols, J., Joins the Memorandum.

Colins. J., Concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/19/2024

_____

| 3/2/22 | 2/27/23 | Trial | 362 days | No, Commonwealth failed to act with due diligence |
|--------|---------|-------|----------|---------------------------------------------------|
| Total Delay: | 522 days | | | |
| Excludable: | 88 days | | | |
| Non-excl: | 434 days | | | |