J-S04014-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES E. BROWN | : | |
| | : | |
| Appellant | : | No. 1313 EDA 2025 |

Appeal from the PCRA Order Entered May 9, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0527441-1985

BEFORE:  LAZARUS, P.J., STABILE, J., and NEUMAN, J.

MEMORANDUM BY LAZARUS, P.J.:                    **FILED APRIL 23, 2026**

James E. Brown appeals from the order, entered in the Court of Common Pleas of Philadelphia, denying as untimely his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.  Upon careful review, we affirm.

On January 11, 1989, Brown was convicted of first-degree murder, aggravated assault, and robbery and was sentenced to life in prison without the possibility of parole.[1]  Brown filed a timely direct appeal from his judgment of sentence, which was affirmed by this Court on July 24, 1990.  ***See Commonwealth v. Brown***, 578 A.2d 461 (Pa. Super. 1990).  Brown did not seek allowance of appeal in the Pennsylvania Supreme Court.

_____

[1] The circumstances of Brown's underlying case are not relevant to our disposition.

Brown filed his first PCRA petition, *pro se*, on March 23, 2016, alleging that the "Commonwealth has failed to turn over official documentation proving [his] claims, diminished capacity and culpability."[2] PCRA Petition, 3/23/16, at 4. The PCRA court dismissed the petition on January 30, 2018. Brown, again acting *pro se* after his appointed attorney was given leave to withdraw pursuant to **Turner**/**Finley**,[3] filed an appeal to this Court, which was dismissed on July 19, 2018, for failure to file a brief.

Brown filed the instant PCRA petition and accompanying memorandum of law on October 30, 2024, alleging that "the police activity sheets in this matter were [] suppressed, in violation of **Brady**[4] and its progeny," and that they related to the "materiality of facts and circumstances of petitioner's

---

[2] In the instant appeal, the PCRA court reasons that Brown's October 2024 PCRA petition does not allege new facts, because Brown raised the issue of the Commonwealth's failure to turn over evidence in his August 2016 PCRA petition. **See** Trial Court Opinion, 5/9/25, at 4–5 (unpaginated). We observe, however, that Brown's 2016 petition specifically asserted that the Commonwealth failed to turn over documents related to his mental health and mental capacity, and his request for documents was tailored to that issue, requesting "[a]ll information from evaluations from [the] Commonwealth[']s psychologists" and "[a]ll documentation from [the] Holmesburg psychology department pertaining to [his] case." PCRA Petition, 3/23/16, at 6 (unpaginated); **see also id.** (Supplemental Argument and Exhibits); Petitioner's Response to PCRA Court's 907 Notice, 4/1/25, at 4; Appellee's Brief, at 3. Thus, we decline to find that Brown's first PCRA petition precludes him from raising the police activity sheets as newly discovered evidence, though we ultimately find his claim meritless on other grounds.

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

[4] **Brady v. Maryland**, 373 U.S. 83 (1963).

case." PCRA Petition, 10/30/24, at 4 (unnecessary capitalization omitted). Brown simultaneously filed a motion for appointment of counsel. Brown acknowledged his PCRA petition was facially untimely, but sought review based upon the newly discovered facts and governmental interference exceptions of the PCRA. *See* PCRA Petition, 10/30/24, at 3; 42 Pa.C.S.A. § 9545(b)(1)(i)-(ii). In support, Brown attached: (1) affidavits from himself and a fellow prisoner asserting that, prior to 1992, the Philadelphia District Attorney's Office and Police Department suppressed "police activity sheets in selected criminal matters," and that he learned this information on October 29, 2024; (2) a portion of a transcript, in an unrelated criminal proceeding, in which the Commonwealth and defense counsel discussed their understanding that the Philadelphia District Attorney's Office did not turn over police activity sheets as a matter of course prior to the early 1990s; and (3) an undated report/appendix about the Conviction Integrity Unit in the Philadelphia District Attorney's Office, detailing evidence of wrongful convictions, including failure to pass *Brady* materials to defendants generally, and/or police activity sheets in particular. *See* PCRA Petition, 10/30/24, at Exs. A, B, & C.

The PCRA court issued Rule 907 notice of intent to dismiss the instant petition on March 21, 2025, stating it was untimely filed and did not meet any of the enumerated PCRA exceptions. Brown filed a response to the Rule 907 notice on April 1, 2025. On May 9, 2025, the PCRA court dismissed the

petition. Present counsel entered his appearance[5] and filed a notice of appeal on May 29, 2025.

Brown presents the following issue for our review: "Whether the lower court erred in dismissing [Brown's] PCRA petition[,] insofar as it concluded that [] Brown failed to plead and prove an exception to the PCRA's timeliness requirements?" Appellant's Brief, at 7 (unnecessary capitalization omitted).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final, *i.e.*, at conclusion of direct review or the expiration of the time period for seeking review. 42 Pa.C.S.A. § 9545(b)(1), (b)(3); *see Commonwealth v. Burton*, 158 A.3d 618, 623 n.7 (Pa. 2017). This is a jurisdictional requirement and, "therefore[,] courts are prohibited from considering an untimely PCRA petition." *Commonwealth v. Lopez*, 249 A.3d 993, 999 (Pa. 2021), citing *Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020).

Instantly, Brown acknowledges that his petition is facially untimely. Appellant's Brief, at 11. Brown's May 10, 1988 conviction was affirmed on direct appeal on July 24, 1990, and, thus, his conviction became final for purposes of the PCRA on August 24, 1990, when time expired for him to seek review in the Pennsylvania Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(1),

---

[5] The PCRA court did not expressly rule on the motion to appoint counsel. In his brief, Brown indicates that he retained counsel. *See* Appellant's Brief, at 14.

(3); **Brown**, **supra**; Pa.R.A.P. 1113(a). Thus, Brown must meet one of three enumerated exceptions to the timeliness requirement in the PCRA:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). Brown asserts that he has alleged sufficient facts to support jurisdiction under the exceptions in subsections (i) and (ii) because he learned that, at the time of his prosecution, the Philadelphia District Attorney's Office had "a pattern and practice of withholding [police activity sheets] from defendants in violation of both their discovery obligations under Pennsylvania law *and* their **Brady** obligations under the United States Constitution." **Id.** at 12–13 (emphasis in original). Brown further claims that he filed the instant petition within one year of learning of this practice. **Id.** at 13.

The Commonwealth responds that Brown failed to make an offer of proof of a connection between the facts he claims to have recently discovered and his claim in his own case. **See** Appellee's Brief, at 5. In particular, the

- 5 -

Commonwealth asserts that Brown does not plead or offer to prove that any activity sheets were withheld in his case at all, much less activity sheets that would have been exculpatory or useful for purposes of impeachment. *Id.* at 7. On the governmental interference claim, the Commonwealth argues that Brown does not explain why he was unable to raise these claims in earlier proceedings. *Id.* at 8. We agree with the Commonwealth on both points.

To overcome the PCRA's time bar under the newly discovered facts exception, *see* 42 Pa.C.S.A. § 9545(b)(1)(ii), a petitioner must prove that "(1) the facts upon which the claim is predicated were unknown, and (2) these unknown facts could not have been ascertained by the exercise of due diligence." *Commonwealth v. Myers*, 303 A.3d 118, 121 (Pa. Super. 2023). "The focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Id.*, quoting *Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008). Critically, there must be "some relationship" between the newly discovered information and the petitioner's case. *Commonwealth v. Shannon*, 184 A.3d 1010, 1017 (Pa. Super. 2018).

Here, presuming that the information Brown cites is newly discovered,[6] Brown has shown no nexus between that information and his own case. This

_____

[6] The affidavits Brown attaches purport to confirm that Brown learned about this practice on October 29, 2024, the day before he filed his petition, when a fellow inmate provided Brown with the notes of testimony from the unrelated case. *See* PCRA Petition, 10/30/24, at Exs. A & B. However, the "Case
*(Footnote Continued Next Page)*

- 6 -

is fatal to his claim. ***See Commonwealth v. Reeves***, 296 A.3d 1228, 1231–33 (Pa. Super. 2023).[7] In ***Reeves***, a PCRA petitioner, invoking the same timeliness exceptions Brown raises in the instant case, argued that his petition was not untimely because he recently learned of an investigation into the Philadelphia District Attorney's Office that showed "a pattern [ ] in old cases, where prosecutors [were not] attuned to their constitutional and ethical

---

Appendix" that Brown attached as Exhibit C to his PCRA petition is undated, and Brown does not allege how or when he learned of or accessed it. ***See, e.g.***, ***Commonwealth v. Davis***, 86 A.3d 883, 891–92 (Pa. Super. 2014) (failure of petitioner to specify how or when he discovered information upon which he relies prevents him from proving applicability of exception to time bar).

[7] In numerous recent unpublished cases, this Court, relying on ***Reeves***, ***supra***, has rejected similarly vague allegations about general practices or misconduct as the basis for establishing an exception to the PCRA time bar. ***See, e.g.***, ***Commonwealth v. Nicholas***, 2025 WL 3002927, at *2–*3 (Pa. Super. filed Oct. 27, 2025) (unpublished memorandum decision) (rejecting claim petitioner established exception to PCRA time bar where petitioner learned of witness-officer's alleged misconduct from fellow inmate but failed to prove misconduct in his own case; testimony about misconduct in other cases insufficient); ***Commonwealth v. Huertas***, 2025 WL 2181224, at *3 (Pa. Super. filed Aug. 1, 2025) (unpublished memorandum decision) ("Huertas has shown *absolutely no nexus* between any of the news reports and the facts of his own case.") (emphasis in original); ***Commonwealth v. Slaughter***, 2025 WL 1342377, at *3 (Pa. Super. filed May 8, 2025) (unpublished memorandum decision) (petitioner did not establish exception to time bar, where he relied on article about misconduct by testifying officer but did not allege misconduct his case); ***Commonwealth v. Collantes***, 2025 WL 326406, at *2 (Pa. Super. filed Jan. 29. 2025) (unpublished memorandum decision) (petitioner has "failed to tether the allegations contained in the [a]rticle to the facts of his case, his conviction, or his sentence. . . . Without any link tying the [misconduct] to *any* discrete component of [petitioner's] case, he has failed to plead and prove the existence of a newly discovered fact") (emphasis in original). ***See also*** Pa.R.A.P. 126(b)(1)–(2) (unpublished non-precedential decisions of this Court filed after May 1, 2019 may be cited for persuasive value).

responsibilities as they are now." *Id.* at 1231. This Court rejected the petitioner's argument, reasoning that "[t]his general statement does not demonstrate governmental interference in [this petitioner's] case," nor does it constitute newly discovered facts because the petitioner "cite[d] no new information in **his** case;" instead, he referenced misconduct in unrelated cases. *Id.* at 1231, 1232–33 (emphasis in original). Similarly, here, Brown does not even speculate as to the potential information that might be found in police activity sheets in his case. *See* PCRA Petition, 10/30/24, at 4. Instead, he simply cites testimony that, at the time of his trial, the Commonwealth generally "did not pass all activity sheets as a matter of course." *Id.* at 7; *see also id.* at Ex. B p. 15.

Brown also asserts that he can overcome the PCRA time bar under the governmental interference exception. This exception requires that a defendant "plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008). A *Brady* violation may fall within the governmental interference exception, but the petitioner must demonstrate both interference and the petitioner's own due diligence. *Id.* Moreover, to succeed on a *Brady* claim, the petitioner has the burden to prove, by reference to the record, that evidence was suppressed, because the Commonwealth is presumed to have complied with its disclosure

obligations. *Commonwealth v. Williams*, 732 A.2d 1167, 1175–76 (Pa. 1999).

As with the petitioner in *Abu-Jamal*, *supra*, Brown's claim is plainly underdeveloped and insufficient. Brown does not allege any specific (or even general) exculpatory or impeachment material that might be contained in any hypothetical police activity sheets; he simply claims in his petition that he was entitled to all police activity sheets "to facilitate a proper and cumulative analysis of the materiality of the suppressed evidence." PCRA Petition (Attachment – Petitioner's PCRA Request and Supporting Memorandum for [Discovery] and Appointment of Counsel), 10/30/24, at 7–8 ¶ 16. However, *Brady* does not create a general constitutional right to discovery, or "grant a criminal defendant unfettered access to the Commonwealth's files." *Commonwealth v. Lambert*, 884 A.2d 848, 854 (Pa. 2005); *see also Williams*, 732 A.2d at 1175–76.

To succeed on a *Brady* claim, a defendant must demonstrate that: (1) the evidence was withheld by the Commonwealth, either willfully or inadvertently; (2) it was favorable to the defendant, either because it is exculpatory or as impeachment evidence; and (3) the evidence was material and, therefore, prejudicial to the defendant. *Commonwealth v. Willis*, 46 A.3d 648, 656 (Pa. 2012). Brown cannot meet any of these requirements. The documents attached to Brown's petition do not show that the Commonwealth had a **policy** of withholding police activity sheets; rather, a prosecutor in an unrelated case said the office's previous procedures made

disclosure of these activity sheets optional rather than mandatory. *See* Trial Court Opinion, 5/9/25, at 3 (unpaginated). Furthermore, Brown cannot possibly say whether any hypothetical undisclosed activity sheets contained exculpatory or impeachment evidence as it relates to his case, or whether such information, if it existed, would have been material to his case.

This Court recently considered an essentially identical claim in *Commonwealth v. Moore*, 2025 WL 2945839 (Pa. Super. filed Oct. 17, 2025). There, the petitioner, who had been convicted in 1984 of first-degree murder and robbery, filed a PCRA petition averring, *inter alia*,[8] that the Philadelphia District Attorney's Office "maintained a practice and policy of withholding information and evidence in violation of due process." *Id.* at *1. In support of his claim, the petitioner "attached the notes of testimony from a post-conviction hearing in an unrelated case, where counsel was accusing the Commonwealth of a practice of withholding police activity sheets from discovery in the 1990s." *Id.* The petitioner asserted that his allegations satisfied both the newly discovered fact and governmental interference exceptions. *Id.* This Court rejected the petitioner's argument, noting that under *Reeves*, *supra*, "[g]eneral allegations regarding misconduct in another case are not sufficient to overcome the PCRA time[ ]bar." *Id.* at *3. The *Moore* petitioner "failed to make any specific allegations of prosecutorial

---

[8] The petitioner in *Moore* separately alleged that the assigned ADA was found to have engaged in a policy and practice of withholding information. *Moore*, 2025 WL 2945839, at *1. This argument was also rejected.

misconduct or identify any evidence that the Commonwealth withheld in his case;" his "bald allegations, without more," were insufficient to invoke the PCRA court's jurisdiction.[9] *Id.*

So too here. Brown simply states, without elaboration, that police activity sheets in his matter were suppressed, broadly referring to the district attorney's file. He does not suggest that he is aware of the contents of any of the allegedly withheld documents, much less whether they contained ***Brady*** material that was improperly suppressed.[10] Instead, he cites testimony that, in general, disclosure of police activity sheets was not considered by the Philadelphia District Attorney's Office to be mandatory prior to the 1990s, and the activity sheets were not turned over as a matter of course. These

_____

[9] To the extent that not turning over police activity sheets as a matter of course was, in fact, a widespread practice, Brown's argument, taken to its logical conclusion, would mean that any defendant in Philadelphia convicted before the early 1990s could make the same argument. Indeed, Brown refers to himself as part of a "class of defendants," specifically, those convicted of homicide cases predating the 1992 change in policy. ***See*** Response to Rule 907 Notice, 4/1/25, at 1. Brown cites no authority to support such a sweeping interpretation of the PCRA's timeliness exceptions.

[10] Notably, in the notes of testimony Brown attaches to his petition, the prosecutor denies that the documents requested by the defendant in that matter contain exculpatory or impeachment evidence and, therefore, argues that they do not qualify as ***Brady*** material and were never required to be disclosed. PCRA Petition, 10/30/24, at Ex. B p. 15–16. She notes that at some point in the past, this practice of not routinely disclosing police activity sheets was litigated, and the office changed its procedures as a result. *Id.* at 13, 15. The court pressed both the Commonwealth and defense counsel to provide controlling authority regarding whether the mere existence of this policy at the time of the defendant's trial was sufficient to bar retrial, but neither was able to produce such authority at the hearing. *Id.* at 13–19.

allegations, even if true, do not establish any misconduct by the Commonwealth in Brown's case. Regardless of whether disclosure of activity sheets was discretionary at the time Brown was convicted, the Philadelphia District Attorney's Office, like all prosecutors' offices in the Commonwealth, had a Constitutional obligation to produce **Brady** material. Since the Commonwealth is presumed to have complied with this obligation, Brown has the burden to allege misconduct in **his** case.

In the alternative, Brown argues that we should remand this case to allow counsel to utilize the Philadelphia District Attorney's open file discovery policy to review his file in its entirety, a procedure he was not able to utilize as a *pro se* petitioner. **See** Appellant's Brief, at 13–14. The Commonwealth characterizes this argument as an objection to the PCRA court's failure to hold a hearing on Brown's petition and argues that Brown failed to establish the existence of genuine issues of material fact and, therefore, is not entitled to a remand. **See** Appellee's Brief, at 9–10.

The Commonwealth is correct that a PCRA court "has the discretion to dismiss a petition without a hearing when the court is satisfied 'that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by any further proceedings.'" **See Lopez**, 249 A.3d at 1000, quoting Pa.R.Crim.P. 909(B)(2). However, this does not directly address Brown's argument, which amounts to a concern that if counsel's file review were to reveal an issue with the "suppressed [a]ctivity [s]heets herein," Brown would

be "at risk of having the issue deemed previously litigated should the issue become ripe following file review." Appellant's Brief, at 14. The Commonwealth reasonably responds, however, that should counsel review the file and find that the Commonwealth improperly withheld police activity sheets containing ***Brady*** material, Brown could file a PCRA petition alleging that the information he uncovered meets one of the exceptions upon which he currently relies. ***See*** Appellee's Brief, at 10 n.1. We agree.

Because Brown's PCRA petition is facially untimely, and he has failed to plead and prove any timeliness exception, we affirm the PCRA court's order dismissing the petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/23/2026